■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ERROL FLYNN, Appellant.— In a *coram nobis* proceeding, defendant appeals (by permission) from an order of the Supreme Court, Queens County, dated October 4, 1971, which denied the application without a hearing. Order reversed, on the law and the consent of the District Attorney, and application granted to the extent of directing that a hearing be held, for which purpose the case is remitted to the Criminal Term. The validity of appellant's allegation of ineffective assistance of counsel with respect to his guilty plea, because of a possible conflict of interest, can only be explored and determined at a hearing, where the necessary witnesses can testify to the circumstances surrounding the guilty plea (*Glasser* v. *United States*, 315 U. S. 60). Martuscello, Acting P. J., Latham, Shapiro, Brennan and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD GOODWIN, Appellant.— By a prior order of this court on this appeal by defendant from a judgment of the Supreme Court, Queens County, rendered November 3, 1969, convicting him of possession of a dangerous weapon as a felony, upon a jury verdict, and imposing sentence, the case was remitted to Criminal Term for a hearing upon defendant's motion to suppress evidence and the appeal was held in abeyance in the interim (*People* v. *Goodwin*, 36 A D 2d 626). Such hearing has been held and thereupon Criminal Term made an order, dated June 16, 1971, which denied the motion to suppress. Judgment, and order dated June 16, 1971, affirmed. In our opinion the seizure of the evidence was valid as incidental to a lawful arrest. The other contentions originally raised by defendant on the appeal have been considered and rejected. Martuscello, Acting P. J., Latham, Shapiro, Brennan and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANCIS MARTIN HANLEY, Appellant.— By a prior order of this court on this appeal by defendant from a judgment of the Supreme Court, Queens County, rendered June 20, 1967, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence, we affirmed the judgment by a three to two vote, but the Court of Appeals modified our order by remitting the case to the Criminal Term for a hearing on the issue of the in-court identification of defendant for the reasons stated in the dissenting opinion in this court (*People* v. *Hanley*, 32 A D 2d 1039, mod. 27 N Y 2d 648). Such hearing has been held and an order was made thereon by the Criminal Term dated May 6, 1971, which adjudged " as a matter of law that the pretrial identification of defendant did not violate his rights to due process of law under the Fifth Amendment to the Constitution of the United States (*People* v. *Ganci*, 27 N Y 2d at p. 427)." Defendant has also appealed from said order. Judgment rendered June 20, 1967 and order dated May 6, 1971 affirmed. No opinion. Martuscello, Acting P. J., Latham, Shapiro, Brennan, JJ., concur.